# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **KELLY FARRELL, AS WRONGFUL DEATH BENEFICIARY OF JACOB MAPLE, DECEASED** | § § § § § | |
| | § | **JURY TRIAL REQUESTED** |
| **VS.** | § § | |
| **KLLM TRANSPORT SERVICES, LLC** | § | **JUDGE _____** |

## DEFENDANT KLLM TRANSPORT SERVICES, LLC'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES JUDGE:**

Defendant KLLM Transport Services, LLC (hereinafter "KLLM") respectfully submits this Notice of Removal and Demand for Jury Trial to the United States District Court for the Southern District of Texas. In support of this Notice of Removal and Demand for Jury Trial, Defendant states as follows:

1. On September 22, 2023, Plaintiff Kelly Farrell filed her Original Petition (hereinafter "Plaintiff's Original Petition") in the 133rd Judicial District Court, Harris County Texas, under cause number 2023-64887. *See* Exhibit A, File Marked version of Plf. Orig. Pet.

2. KLLM was served with a copy of Plaintiff's Original Petition and citation on Monday, October 9, 2023. *See Ex. B* Return of Service – KLLM Transportation Services, LLC. This Notice is hereby timely as the 30th day from October 9, 2023 is November 8, 2023, and this Notice is filed in advance of that date. *See* 28 U.S.C. § 1446(b)(1).

3. The captioned action is removable to federal court, as this Court has original jurisdiction based on diversity jurisdiction. This Court therefore properly exercises jurisdiction.

4. Plaintiff alleges that a Tractor-Trailer owned and/or leased by KLLM and operated by Corley struck Plaintiff's child causing his untimely passing. *See* Exhibit A, File Marked version of Plf. Orig. Pet.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

5. This Court has jurisdiction over this matter because there is complete diversity of citizenship between the Plaintiff and all properly joined Defendants and more than $75,000 at issue, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(a), 1367.

6. There is complete diversity of the properly joined parties to this lawsuit. Plaintiff is a Texas citizen, and the properly joined Defendant is a citizen of Mississippi.

7. According to Plaintiff's Original Petition, Plaintiff is a resident of Galveston County, Texas. *See* Exhibit A, File Marked version of Plf. Orig. Pet. Assuming that allegation is true, and that Plaintiff intends to return when she is away from there, she is considered a Texas citizen.

8. Defendant KLLM is a limited liability company incorporated in the State of Mississippi whose principal place of business is 135 Riverview Drive, Richland, Mississippi 39218. *See Ex. C*, Affidavit of Terry Thornton. Defendant KLLM has a single member, which is Investment Transportation Services, LLC; KLLM is a 100% wholly owned subsidiary of Investment Transportation Services, LLC. *See id.* Investment Transportation Services, LLC has a single member which is Duff Capital Investors, LLC; Investment Transportation Services, LLC is a 100% wholly owned subsidiary of Duff Capital Investors, LLC. *See id.* Duff Capital Investors, LLC is

wholly owned by two members: the Thomas Milton Duff Amended and Restated Trust, a revocable grantor trust, and the James Earnest Duff Amended and Restated Trust, a revocable grantor trust. *See id*. The trustee of the Thomas Milton Duff Amended and Restated Trust is Thomas Milton Duff, a domicile of Hattiesburg, Mississippi and resident and citizen of the State of Mississippi. *See id*. The trustee of the James Earnest Duff Amended and Restated Trust is James Earnest Duff, a domicile of Hattiesburg, Mississippi and resident and citizen of the State of Mississippi. *See id*.

9.  Because the citizenship of a limited liability company "is determined by the citizenship of all of its members," Defendant KLLM is a citizen of the State of Mississippi. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

10. Plaintiff seeks monetary relief in excess of $1,000,000. *See* Exhibit A, File Marked version of Plf. Orig. Pet. When a plaintiff's monetary demand is stated in the complaint, a defendant may rely upon Texas Rule of Civil Procedure 47 allegations to meet the federal diversity jurisdiction amount in controversy requirement. *See* 28 U.S.C. § 1446(c)(2); *Dyer v. Capital One Nat'l Ass'n*, 4:20-CV-4230, 2021 WL 3813367, at *3 (S.D. Tex. Aug. 23, 2021) (quoting *Torres v. Allstate Fire and Casualty Insurance Company*, No. 4:20-CV-1720, 2020 WL 3077932, at *1 (S.D. Tex. June 10, 2020)). It is facially apparent that the amount-in-controversy requirement is met based upon the million-dollar damage amount sought in Plaintiff's Original Petition. *See* Exhibit A, File Marked version of Plf. Orig. Pet. Thus, the amount in controversy in this suit is over $75,000, and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

11. Plaintiff's Original Petition therefore presents a cause of action with diversity jurisdiction, and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1332(a).

**A.) Procedural Requirements**

12. Contemporaneously with the filing of this Notice, pursuant to 28 U.S.C. § 1446(d), Defendants will provide notice to all parties through delivery of a copy of this Notice of Removal and will also provide a copy of this Notice of Removal to the Harris County District Clerk's office.

13. Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in this Court and the filing of same with the state court serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

14. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Defendants attach hereto in as exhibits copies of all pleadings, process, orders, and other filings in the state court action, as well as the state court action's docket sheet. The pleadings, process, orders, other filings, and docket sheet from the state court action are identified in the Index of Matters Being Filed with Removal.

15. Pursuant to Local Rule 81(6), Defendants attach hereto a List of All Counsel of Record as an exhibit to this Notice of Removal.

16. Defendants specifically reserve the right to amend or supplement this Notice of Removal.

**JURY TRIAL DEMAND**

17. Pursuant to Federal Rule of Civil Procedure 38, a jury trial is demanded on all issues presented in this case.

WHEREFORE, Defendant KLLM Transportation Services, LLC and Defendant William Carl Corley respectfully request that the Parties and the 133rd Judicial District Court for Harris County, Texas take notice of the removal of this case to the United States District Court for the Southern District of Texas, Houston Division. Defendants further request such other and further relief, whether arising at law or at equity, to which they may be entitled.

Respectfully submitted,

**CHAMBLEE RYAN, P.C.**

By: _/s/ Jeffrey W. Ryan_
Jeffrey W. Ryan
State Bar No. 17469600
jryan@cr.law
Molly Scott
State Bar No. 24079289
mscott@cr.law
2777 Stemmons Freeway, Suite 1257
Dallas, Texas 75207
(214) 905-2003
(214) 905-1213 (Facsimile)
**ATTORNEY FOR DEFENDANT**
**KLLM TRANSPORTATION SERVICES, LLC,**

## <u>C</u><u>ERTIFICATE OF</u> <u>S</u><u>ERVICE</u>

I do hereby certify that on November 8, 2023, a true and correct copy of the above and foregoing document has been served via the court's CM/e-service system to all counsel of record.

*/s/Jeffrey W. Ryan*
Jeffrey W. Ryan