UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

| | | |
|---|---|---|
| KELLY FARRELL, AS WRONGFUL DEATH BENEFICIARY OF JACOB MAPLE, DECEASED | § § § | |
| | § | Civil Action No. H-23-4221 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIAM CARL CORLEY AND KLLM TRANSPORT SERVICES, LLC | § § | |
| | § | |
| Defendants. | § | |
| | § | |

## VERDICT

We, the Jury, find in this case, unanimously, as indicated in the answers to the foregoing Questions.

SIGNED at Houston, Texas, on this 6 day of May, 2026.

FOREPERSON OF THE JURY

17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY FARRELL As Wrongful Death Beneficiary of Jacob Maple, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-4221 |
| KLLM TRANSPORT SERVICES, LLC and WILLIAM CARL CORLEY, | § § § | |
| Defendants. | § | |

*COURT'S INSTRUCTIONS TO THE JURY*

Members of the Jury:

## General Instructions

Now that you have heard the evidence, my duty is to give you the instructions of the Court on the law that you must apply to this case.  It is your duty as jurors to follow the law as I give it to you in these instructions and to apply these rules of law to the facts you find from the evidence in the case.  You are not to single out one instruction alone as stating the law; rather, you must consider the instructions as a whole.

Regardless of any opinion you may have as to what the law should be, you would violate your sworn duty if you based a verdict upon any view of the law other than that given in the instructions of the Court.  You are therefore not to be concerned with the

wisdom of any rule of law stated by the Court.  Similarly, you would violate your sworn duty as judges of the facts if you based your verdict upon anything other than the evidence in this case. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.  Further, nothing in these instructions to you is made for the purpose of suggesting or conveying to you what verdict I think you should find.  You, the Jury, are the sole and exclusive judges of the facts.

Do not let bias, prejudice, or sympathy play any part in your deliberations.  A corporation, or an LLC (as in this case), and Plaintiff, and all other persons, are equal before the law and must be treated as equals in a court of justice.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  All of the jurors must agree with all of your answers for you to return a verdict.

As I explain in more detail below, Plaintiff has the burden of proving her case by a **preponderance of the evidence**.  In

determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

3

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of facts or circumstances that indicate the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Plaintiff called as an expert witness Eric Brown, and Defendants called as an expert witness Daniel Phillips. When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical

4

field--he is called an expert witness--is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## Special Instructions for Question No. 1

Plaintiff, Kelly Farrell, claims that Defendant William Corley was negligent. Plaintiff, Kelley Farrell, must prove that Defendant William Corley was negligent, and his negligence was the proximate cause of the occurrence in this case.

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care," means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause," means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

6

## Question No. 1

Did the negligence, if any, of any of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

A.    William Carl Corley          _____Yes_____

B.    Jacob Maple                  _____Yes_____

If you answered "Yes" to Question 1 for both of the people named above, then answer the following Question No. 2.   If you answered "yes" to Jacob Maple and "no" to William Carl Corley on Question No. 1, then you have completed your work and your Foreperson may sign and date the Verdict form.

7

## Special Instruction for Question No. 2

Assign percentages of responsibility to those you found caused or contributed to cause the occurrence.  The percentages you find must total 100 percent.  The percentages must be expressed in whole numbers.  The percentage of responsibility attributable to any person is not necessarily measured by the number of acts or omissions found.

8

## Question No. 2

For each person you found caused or contributed to the occurrence, find the percentage of responsibility attributable to each:

A.  William Carl Corley          30      %

B.  Jacob Maple                  70      %

    Total                        100     %

If you answered "yes" for William Carl Corley in Question No. 1 and allocated a percentage value less than 51% to Jacob Maple in Question No. 2, then answer Question No. 3.  Otherwise, you have completed your work and your Foreperson may sign and date the Verdict form.

9

## Special Instruction for Question No. 3

**Consider Damages Only if Necessary**

If Plaintiff Kelly Farrell has proved her claim against Defendant William Carl Corley by a preponderance of the evidence, you must determine the damages to which Plaintiff Kelly Farrell is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Kelly Farrell's damages as an indication in any way that I believe that Plaintiff Kelly Farrell should, or should not, win this case. It is your task first to decide whether Defendant William Carl Corley is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant William Carl Corley is liable and that Plaintiff Kelly Farrell is entitled to recover money from Defendants.

If you find that Defendant William Corley's negligence, if any, was the proximate cause of the occurrence, then you must determine an amount that is fair compensation for all of Plaintiff Kelly Farrell's damages. These damages are called compensatory damages. You may award compensatory damages only for injuries that Plaintiff Kelly Farrell proves were proximately caused by Defendant William Corley's allegedly wrongful conduct. Compensatory Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants.

10

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Kelly Farrell prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: pecuniary loss sustained by Kelly Farrell in the past, loss of companionship and society sustained by Kelly Farrell in the past and that she in reasonable probability will sustain in the future, and mental anguish sustained by Kelly Farrell in the past and that she is reasonably likely to sustain in the future, all as a result of the death of Jacob Maple. No evidence of intangible things such as those just mentioned has been or needs to be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Kelly Farrell for damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

11

The following definitions apply to the questions that follow:

"Pecuniary loss" means the loss that Kelly Farrell has suffered as a result of the death of Jacob Maple.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Kelly Farrell, in reasonable probability, would have received from Jacob Maple had he lived.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Kelly Farrell because of the death of Jacob Maple.

12

<u>Question No. 3</u>

What sum of money, if paid now in cash, would fairly and reasonably compensate Kelly Farrell for her damages, if any, resulting from the death of Jacob Maple?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Jacob Maple. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

A.    Pecuniary loss, if any, sustained in the past by Kelly Farrell.

Answer: $_____

B.    Loss of companionship and society sustained in the past by Kelly Farrell.

Answer: $_____

C.    Loss of companionship and society that, in reasonable probability, will be sustained in the future by Kelly Farrell.

Answer: $_____

13

D.    Mental anguish sustained in the past by Kelly Farrell.

Answer: $_____

E.    Mental anguish that, in reasonable probability, will be sustained in the future by Kelly Farrell.

Answer: $_____

In determining damages for Questions B, C, D, and E, above, you may consider the relationship between Jacob Maple and Kelly Farrell, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

14

## Final General Instructions

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

15

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED at Houston, Texas, on this 6th day of May, 2026.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

16